887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. THOMPSON, Plaintiff-Appellant,
v.
LIBERTY NATIONAL BANK & TRUST COMPANY OF LOUISVILLE; Donald
J. Eckerle, Judge; John Carter, Judge,
Defendants-Appellees.
 No. 89-5183.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kenneth L. Thompson, a pro se Kentucky citizen, appeals the district court's orders dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983 and 1985.
 
 
 4
 Seeking damages, Thompson sued defendants, Liberty National Bank and two state trial court judges, alleging that they deprived him of his constitutional rights by granting a default judgment for the bank on a complaint it had filed against him and by dismissing his counterclaim against the bank. Thompson specifically asserted that the state judges deprived him of his constitutional right to appeal the default judgment in the Kentucky courts and that the bank's subsequent execution of the default judgment has unfavorably affected his credit rating. He further avers that his black race served as a motive for defendants' actions.
 
 
 5
 Thereafter, in two different orders, the district court sua sponte dismissed Thompson's complaint, with prejudice, as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In a timely appeal, Thompson has raised the same issues which were before the district court.
 
 
 6
 Upon review, we conclude the district court properly dismissed Thompson's suit because it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 7
 To maintain a suit under 42 U.S.C. Sec. 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Federal Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 533 (1981). Thompson cannot establish that Liberty National Bank acted under color of state law. Private persons can act under color of state law when they conspire or willfully participate with state officials to deprive others of constitutional rights. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.1989) (en banc). Thompson only complains, however, that Liberty National resorted to the courts and won a default judgment against him. Such actions are insufficient to render the bank a co-conspirator or joint actor with the state judges. See Dennis v. Sparks, 449 U.S. 24, 28 (1980).
 
 
 8
 Further, the state judges possess absolute immunity for the actions which form the basis of Thompson's complaint. Judges are absolutely immune for judicial acts, except for acts performed in the absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The actions of the state judges in this instance, overruling a counterclaim, granting a default judgment, and denying a motion for rehearing, are judicial acts and were not performed in the clear absence of jurisdiction.
 
 
 9
 In addition, Thompson's suit as filed under Sec. 1985 is also baseless. To state a cause of action under 42 U.S.C. Sec. 1985, a plaintiff must allege that defendants engaged in a conspiracy, motivated by racial or other class-based animus, to deprive him of a right or privilege enjoyed by a citizen of the United States. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Thompson has not shown that defendants' actions deprived him of a right or privilege guaranteed by federal or state law. Although Thompson asserts that the actions of the state judges deprived him of his right to appeal the default judgment in the Kentucky courts, he admitted in his complaint that he was granted leave to appeal the default judgment in the Jefferson County (Kentucky) Circuit Court, but the appeal was dismissed due to his failure to file a statement of appeal.
 
 
 10
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation